UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARITZA STOVALL-GUSMAN,
Plaintiff,

v.

W.W. GRAINGER, INC.,
Defendant.

Case No. 13-cv-02540-JD

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 31

## I. INTRODUCTION

This is an employment class action dispute in which the parties jointly move for preliminary approval of a proposed settlement and conditional certification of the proposed class. The Court grants the motion for preliminary approval while reserving the issue of final approval.

## II. BACKGROUND

The plaintiff in this case, Maritza Stovall-Gusman, was employed by defendant W. W. Grainger as an Account Manager. The dispute between the parties centers on whether W. W. Grainger properly classified account managers as exempt employees, who were thereby not covered by federal and state wage and hour laws applicable to nonexempt employees. Decl. of Hunter Pyle ¶ 13, ECF No. 31-1. Plaintiff claims that account managers do not qualify as exempt employees because they do not spend more than 50% of their time engaging in sales activities; instead, they spend more time at their home offices performing administrative tasks and other work incidental to sales. *Id.* ¶ 14. Defendant, for its part, argues that account managers are required by company policy to spend more than half their time interacting with customers in the field, and that many of the administrative tasks performed by the account managers are directly related to their sales functions and should be considered sales activities. *Id.* ¶ 15.

United States District Court
Northern District of California

In terms of damages, plaintiff sought (among other things) unpaid overtime, "waiting time" penalties under California Labor Code § 203, and wage statement penalties under California Labor Code § 226(e) for W. W. Grainger's alleged failure to provide accurate itemized wage statements.

## III. DISCUSSION

### A. Terms of Proposed Settlement

The proposed settlement entered into between the parties provides for a settlement fund of $715,000. *Id.* ¶ 10. Attorneys' fees and costs, payment to the California Labor and Workforce Development Agency, and the costs of settlement administration come out of this fund (thereby decreasing the amount available for distribution to putative class members). *Id.* Following a motion hearing held on September 24, 2014, in which the Court informed the parties that it would not accept the initially-proposed settlement because it provided for a class representative enhancement and maximum attorneys' fees of 30% of the settlement fund, the parties submitted a modified settlement that eliminated the class representative enhancement and reduced the maximum attorneys' fees to 25% of the total settlement amount. Joint Stipulation of Class Action Settlement and Release at 1, ECF No. 36. A maximum of $20,000 is set aside for settlement administration and $10,000 for attorneys' costs. *Id.* ¶¶ 12-13. The remainder is to be divided between the putative class members who do not opt out based on each member's total number of work weeks, rounded up to the nearest week. *Id.* ¶ 11(e)(i).

The putative class is coextensive with the class alleged in the complaint: "Plaintiff and all other individuals who were employed as Account Managers in California at any time during the four years preceding the filing of this action, and continuing while this action is pending ('Class Period'), and who were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to employees in the State of California …" Notice of Removal, Ex. A, Complaint ¶ 1, ECF No. 1. The putative class consists of approximately 330 current and former account managers employed during the class period. Decl. of Hunter Pyle ¶ 12, ECF No. 31-1.

Putative class members who do not opt out release W. W. Grainger from "all claims, whether known or unknown, that were alleged or asserted, or that could have been alleged or asserted based upon the factual allegations set forth in the operative complaint, from March 22, 2009 through the Preliminary Approval Date." Joint Stipulation of Class Action Settlement and Release ¶ 35, ECF No. 36.

Notice of the settlement is to be mailed to putative class members by the settlement administrator using information from W. W. Grainger's records. *Id.* ¶ 17. Each member will have forty-five days to dispute the dates at which they worked for W. W. Grainger, opt out of the settlement, or object. *Id.* ¶ 27. Funds associated with that are not cashed will be distributed to the unclaimed property fund of the California State Controller's Office.

**B. Preliminary Approval**

Where the parties reach a proposed settlement prior to class certification, the court must review the agreement and approve "both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Rule 23(e) requires the Court to examine the proposed settlement and make a preliminary finding of fairness. A class action settlement may be approved only if the Court finds that it is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(1)(C). The parties bear the burden of showing that the proposed settlement is far. *Staton*, 327 F.3d at 959; *see also Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This is because "the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." *Id.*

The relevant factors for consideration include: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed; the stage of the proceedings; and the experience and views of counsel. *Staton*, 327 F.3d at 959.

**1. Benefits to Class Members**

The majority of the relevant factors deal with benefits class members can expect to receive and the associated strategic considerations involved in settling the case. As the Court explained at the hearing in this case, the Court is concerned by the fact that plaintiffs' monetary recovery under the settlement is small in comparison to the estimates -- rough though they may be -- of their potential recovery if the case proceeds. The Ninth Circuit has approved of district courts comparing the settlement amount to "estimates of the maximum amount of damages recoverable in a successful litigation," although "a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 459 (9th Cir. 2000).

The motion provides no data on how much overtime was actually worked by the putative class members, but lays out the overtime damages under two hypothetical scenarios, which the Court will use for want of better information. *See Cordy v. USS-Posco Indus.*, No. 12-cv-553-JST, 2013 WL 4028627, at *4 (N.D. Cal. Jul. 31, 2013) ("But any fraction has a denominator, and without knowing what it is the Court cannot balance plaintiffs' expected recovery against the proposed settlement amount."). According to the declaration attached to the motion, if the Account Managers worked an hour of overtime per day, their overtime damages would be approximately $7 million. Declaration of Hunter Pyle ¶ 35. If they worked three hours of overtime a day, overtime damages would be $21 million. *Id.* And if plaintiff prevailed on their additional wage statement and waiting time penalties, their potential recovery on those counts would be over $1.6 million. *Id.* ¶ 36. Using the more conservative estimate of $7 million in overtime damages and assuming zero recovery for the wage statement and waiting time, the minimum net settlement amount to be divided up between class members -- $521,250 -- is less than one-thirteenth of the potential recovery.

However, the parties have pointed to a number of reasons why the plaintiffs' recovery post-litigation would be less than projected, or even zero. For example, the parties argue that certification of the class would be uncertain under the Ninth Circuit's decision in *Vinole v. Countrywide Home Loans*, which held that a district court abuses its discretion where it "rel[ies]

on an internal uniform exemption policy to the near exclusion of other factors" to approve class certification. *See* 571 F.3d 935, 944-48 (9th Cir. 2009). In addition, the parties point out that W. W. Grainger might successfully argue that the putative class members are exempt employees, that it was not aware of the overtime that its account managers were working, or that the existence of a good faith dispute over whether the account managers were owed wages precludes waiting time penalties.

The Court will reluctantly refrain from denying approval for the settlement on the basis of the low settlement amount because of these potential weaknesses in plaintiff's case and because "issues concerning the amount of the settlement are better resolved at the final approval hearing," when the Court will be in a better position to calculate the value of the potential settlement and the maximum damages recoverable. *See Villegas v. J.P. Morgan Chase & Co.*, No. 09-cv-261-SBA, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012). It is possible that ultimate size of the net settlement fund will be larger than the minimum amount discussed above, for example if the amount of attorneys' fees awarded are less than 25% of the fund.

**2. Notice**

The Court approves the notice proposed by the parties (attached as Exhibit A to ECF No. 36) with the following changes:

1. Page 1: Replace "**a class action settlement may affect your rights**" with "**your right to sue for unpaid wages will soon be extinguished in favor of a settlement unless you exclude yourself by *[45 days from date of notice]***."
2. Page 1: After the first sentence of the second bullet point, add: "The Account Managers employed by Grainger from March 22, 2009 to [insert preliminary approval date] together constitute the 'Class Members.'"
3. Page 1: Replace "Claim Amount" with "a sum of money based on how many hours you worked"
4. Page 2: After "this case" in the third paragraph, add "(the 'Action')"

**C. Class Certification**

The parties also ask the Court to conditionally certify the Rule 23(b)(3) class for settlement purposes only. In certifying a class for settlement purposes, review of the proposed class is "of vital importance," as the court lacks the opportunity to make adjustments to the class, as it ordinarily would when a case is fully litigated. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To be certified, the proposed class settlement must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). Rule 23(a) provides that a class action is available only where: (1) the class is so numerous that joinder is impracticable; (2) common question of law or fact exist; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the class interests. Additionally, Rule 23(b)(3) requires the Court to find that common questions of law or fact predominate over the questions of individual class members and that a class action is the superior method for fair and efficient adjudication.

The Court finds that the requirements of Rules 23(a) and 23(b)(3) are met. The 330 members of the class are sufficient to meet the numerosity requirement. The commonality requirement is met because there are numerous common factual and legal issues -- for example, whether the account managers spent a majority of their working hours on sales-related activities.[1] The typicality requirement is met because the plaintiff asserts that she, like the other account managers, was improperly classified as an exempt employee. And the adequacy requirement is met because the named plaintiffs and their attorneys do not have a conflict with other class members, and there appears to be no dispute about the competence of class counsel.

Additionally, the Court finds that the common questions of law and fact -- whether account managers were properly classified as exempt employees -- predominate over any differences in the circumstances of individual class members, which likely pertain to differences in the number of

[1] The parties' claim that the commonality requirement is met is somewhat inconsistent with their earlier claim that one of the risks associated with continued litigation is the danger that the Court, based on the Ninth Circuit's decision in *Vinole*, might decline to certify the class. But the circuit court there endorsed certifying classes where an employer had a "standardized corporate policies and procedures governing employees," and as noted earlier, it appears that W. W. Grainger had such a policy with respect to its account managers. *Vinole*, 571 F.3d at 946.

overtime hours worked. Finally, the Court finds that a class action is superior to individual suits, given the relatively small per-employee recovery and the large number of potential plaintiffs.

The Court also finds that Stovall-Gusman's attorneys meet the requirements of Rule 23(g)(1), and provisionally appoints them as class counsel.

## IV. FINAL APPROVAL HEARING

The Court sets a hearing for final approval of the settlement on January 14, 2014, at 10:00 a.m. Class counsel's application for attorneys' fees and costs will be filed and served within ten days of the date of this order, and plaintiff's motion for final approval of the class action settlement will be filed and served by January 2, 2014.

**IT IS SO ORDERED**.

Dated: October 30, 2014

JAMES DONATO
United States District Judge

United States District Court
Northern District of California